RONALD G. WRIGHT et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 43671.)

Fourth Department, March 27, 1969.

*Bond, Schoeneck & King* (*John M. Freyer* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for respondent.

*Per Curiam.* This action is for injuries suffered by claimant Ronald Wright when he jumped from a second story window of Syracuse Psychiatric Hospital during a period of confinement.

Expert medical testimony was not required to establish the State's liability in negligence. The average trier of the facts should be able to discern the facts as presented and determine whether the foreseeable risks to plaintiff's safety, in light of the history of his suicide attempts and bizarre behavior between February 7 and 13 did not put the hospital staff on notice to take every reasonable caution to prevent him from harming himself. The reasoning of Justice Goldman's opinion in *Gioia* v. *State of New York* (22 A D 2d 181, 185) is pertinent here: "Assuming knowledge that a patient's mental imbalance or disturbed psyche is such that suicidal proclivity either has been demonstrated or can be reasonably anticipated and foreseen, a duty arises to frustrate that which is likely or foreseeable by the exercise of at least ordinary and reasonable care. * * * A combination of notice of suicidal tendency and lack of proper supervision of a person about whose sanity there is doubt and who shortly thereafter kills himself ' while temporarily insane ' should result in liability in accordance with the well-established principles of negligence law, including the important element of foreseeability ".

The rationale of *Hammer* v. *Rosen* (7 N Y 2d 376) with respect to the need for expert psychiatric testimony would appear applicable. In *Hammer* the plaintiff, while suffering from schizophrenia was treated by Dr. Rosen and during the course of such treatment was allegedly beaten by him as a part

of the treatment. Dr. Rosen defended upon the grounds that expert medical testimony was necessary for plaintiff to establish a claim of malpractice and to establish that assaults upon the patient were not a proper method of psychiatric treatment of her mental illness. The Court of Appeals in answering this argument stated (p. 380) : " As to the second of the defendant's arguments — that there was no expert testimony to support the plaintiff's charge of malpractice — the simple answer is that the very nature of the acts complained of bespeaks improper treatment and malpractice and that, if the defendant chooses to justify those acts as proper treatment, he is under the necessity of offering evidence to that effect."

Expert medical testimony was not necessary in a case where the doctors dismissed a patient who was still actively suffering from a degenerative bone disease without warning the patient that he was still seriously ill. " Ordinarily, expert medical opinion evidence, based on suitable hypotheses, is required, when the subject-matter to be inquired about is presumed not to be within common knowledge and experience and when legal inference predominates over statement of fact, to furnish the basis for a determination by a jury of unskillful practice and medical treatment by physicians; but where the matters are within the experience and observation of the ordinary jurymen from which they may draw their own conclusions and the facts are of such a nature as to require no special knowledge or skill, the opinion of experts is unnecessary ". (*Meiselman* v. *Crown Hgts. Hosp.*, 285 N. Y. 389, 396.)

Despite the contentions of the State the essence of the negligence in this case is improper supervision and custodial care. (See *Zophy* v. *State of New York*, 27 A. D 2d 414.) In light of claimant's suicidal tendencies, his conceded mental illness, his impulsive and bizarre behavior since entering the hospital and the immediate danger of an opened unscreened window 15 feet above the ground coupled with his threat to jump out the window, a decision to leave him alone with the door closed would appear to be inherently reckless and taken without any reasonable regard for the patient's safety.

Any benefits which might ultimately accrue from treating claimant in a permissive manner at this juncture were far outweighed by the highly dangerous and imminent exposure of claimant's person to physical injury. (*Santos* v. *Unity Hosp.*, 301 N. Y. 153; *Wilson* v. *State of New York*, 14 A D 2d 976; 16 Buffalo L. Rev. 649, Morse, Tort Liability of the Psychiatrist [III Injury or Death Resulting from Failure to Restrain or Control Patients, p. 665].)

The judgment should be reversed on the law and facts, and the matter remitted to the Court of Claims solely for the assessment of damages.

DEL VECCHIO, J. P., MARSH, WITMER, GABRIELLI and MOULE, JJ., concur.

Judgment unanimously reversed on the law and facts with costs, and matter remitted to the Court of Claims solely for the assessment of damages.